**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**LEONARD BADENHORST,**

**Plaintiff,**

**v.**

**DANIEL MONTI,**
**WEXFORD HEALTH SOURCES, INC.,**
**JOHN AND JANE DOES,** *Members of the Psychiatry Board,* **and**
**DR. BEDNARZ,**

**Defendants.**

**Case No. 25-cv-00382-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Leonard Badenhorst,[1] an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center (Centralia), filed this case claiming constitutional violations regarding denial of treatment and services for her autism spectrum disorder (ASD). (Doc. 1). Following initial screening of the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding with the following claims:

> **Count 2:** Eighth Amendment deliberate indifference claim against Monti, Wexford, John and Jane Does (members of the Psychiatry Board), and Bednarz for denying Plaintiff screening, diagnosis, and treatment for autism spectrum disorder.

(Doc. 15). Now before the Court is a motion for leave to file an amended complaint. (Doc. 41). In the motion, Plaintiff states that the proposed amended complaint (1) removes references to Shulty, Christine Vineyard, and Mental Health Authority Jane Doe 1, who were named in the original Complaint as defendants and dismissed pursuant to Section 1915A; (2) repleads ADA claims; (3)

[1] Plaintiff identifies herself as a transgender female, who goes by the name Samantha. (*See* Doc. 5, p. 1).

pleads allegations against newly added Defendant Warden Wehking; (4) removes the conspiracy claim, which was asserted in the original Complaint and dismissed pursuant to Section 1915A; and (5) adds new exhibits. (*Id.* at p. 1). Along with the motion, Plaintiff submitted a proposed amended complaint. (Doc. 41-1). Defendant Monti opposes the motion. (Doc. 44, 52).

Pursuant to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty*., 850 F.3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Here, the Court finds that Plaintiff has failed in her attempt to cure the previous Complaint's deficiencies and allowing Plaintiff to amend would be futile.

A review of the proposed amended complaint shows that in an attempt to correct deficiencies and add claims and new defendants, Plaintiff has failed to sufficiently plead her existing claims. For example, currently, Plaintiff is proceeding on an Eighth Amendment claim against Wexford for having a policy and/or practice of prohibiting medical staff from screening and diagnosing ASD. (Doc. 1, p. 11; Doc. 15, p. 7). In the Complaint, Plaintiff alleges that Dr. Bednarz and the psychiatry board created a policy not to screen or diagnose inmates for ASD at the direction of Wexford, IDOC, and Warden Monti because "it has been deemed undesirable." (*Id.* at p. 11). As a result, all ASD related services for inmates have been denied, and Dr. Bednarz was prohibited from screening Plaintiff for ASD and issuing a diagnosis. (*Id.*).

In the proposed amended complaint, Plaintiff's allegations against Wexford are different. Plaintiff asserts that Wexford is liable for "maintaining a policy, practice, and custom to deny medical treatment for autism spectrum disorder and conditions in combination that may lead to a diagnosis of autism spectrum disorder." (Doc. 41-1, p. 20). She then recounts how she was denied

medical treatment for ASD by Mental Health Professional James in April 2022 at Western Illinois Correctional Center and then again by Dr. Bednarz at Centralia Correctional Center, after Dr. Bednarz met with the psychiatry board. These allegations are not sufficient to state a claim against Wexford. Plaintiff does not connect the conduct of medical staff to any Wexford policy, and Wexford cannot be held liable solely for the misconduct of its employees. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782 (7th Cir. 2014). The facts do not allow the inference that a Wexford policy caused a deprivation of Plaintiff's rights based on the conclusory statement that Wexford has a policy of denying medical treatment. *See Myrick v. Anglin,* 496 F. App'x 670, 675 (7th Cir. 2012) (affirming dismissal of *Monell* claims based on an alleged policy "to cut medical costs" because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Thus, Plaintiff has failed to state a claim against Wexford in the proposed amended complaint. Because an amended complaint renders the previous complaint void, if Plaintiff is allowed to amend, the claim against Wexford would be dismissed. The Court assumes it was not Plaintiff's intention to dismiss Wexford from this litigation.

Additionally, Plaintiff has failed to state a new and viable claim under the ADA/RA. Plaintiff asserts three ADA/RA claim. First, Plaintiff alleges that staff at Centralia are violating the ADA/RA by denying her medical services for ASD. (Doc. 41-1, p. 9). A claim for denial of medical treatment, however, is improper under the ADA/RA. *See Wachter v. Director of IDOC,* No. 23-cv-02428-SPMm 2024 WL 416493, at *2 (S.D. Ill. 2024) (citations omitted). "A claim that Plaintiff has not been properly treated for a medical condition is distinctly different from a claim that [s]he has been denied access to services or programs because [s]he is disabled." *Id.* Her first ADA/RA claim, therefore, fails.

Second, Plaintiff claims that she was discriminated against in violation of the ADA/RA when she was excluded from playing in the pickleball event because she could not find a partner

to be on her team. (Doc. 41-1, p. 13). Plaintiff alleges that to play in the pickle ball event the facility had a rule requiring two-player teams to be from the same housing unit. (*Id.*). Plaintiff states that because of her disability, ASD, she has difficulty socializing and forming relationships, and as a result, no one in her housing unit wanted to be her partner. (*Id.* at p. 14). The only inmate who would partner with Plaintiff was from another housing unit. (*Id.*). Plaintiff asserts that she requested that the rule be modified to allow her and the inmate from the other housing unit to team-up and register together, but the event was held before she received a response. (*Id.*). These facts, as pled, do not state a claim under the ADA or RA. There are no facts in the proposed amended complaint from which the Court can infer that staff acting intentionally on the basis of Plaintiff's disability or that staff refused to provide reasonable accommodation. (*See* Doc. 41-2, p. 14-15). Additionally, Plaintiff's assertion that she could not play in the pickleball event on a single occasion is more akin to an "inconvenience," rather than a total denial of a program or service. *See Wagoner v. Lemon,* 778 F.3d 586, 593 (7th Cir. 2015) (finding that a paraplegic inmate did not state an ADA or RA claim based on inadequate transportation for a wheelchair or the lack of wheelchair repairs because while both issues caused inconveniences, they did not deny him access to services or programs). Thus, she has failed to state an ADA/RA claim regarding the pickleball event.

And third and finally, Plaintiff attempts to state an ADA/RA claim based on the denial of communication and interpretation services. (Doc. 41-1, p. 14). Plaintiff asserts that on July 16, 2025, another inmate with ASD, named Wachter, submitted a letter to the IDOC ADA coordinator requesting "peer-led interpretive services" on behalf Wachter and Plaintiff. (*See* Doc. 41-2, p. 86-87). The ADA coordinator never responded to the letter. (Doc. 41-1, p. 15). According to the letter, peer-led interpretive services would involve assigning an inmate who is trusted by Plaintiff to accompany Plaintiff throughout the day and "observe all interactions but not interfere. After the

interaction with inmates or staff, the [inmate] would provide missing non-verbal information and correct or explain missing interpretations." (Doc. 41-2, p. 88). According to Plaintiff, she was informed by Wachter that Warden Wehking stated that no services would be provided to inmates with ASD without a court order. (Doc. 41-1, p. 15). Plaintiff asserts that without communication services, she will be (1) subjected to continued "unwanted sexual encounters" with other inmates; and (2) repeatedly issued disciplinary tickets. (*Id.*). Although without a peer-led interpretive service, Plaintiff is finding it difficult to communicate with fellow inmates and prison staff, she does not assert facts suggesting that she is being denied the benefits of a service, program, or activity based on her disability and how her requested accommodation, "peer-led interpretive services," would allow her to access Centralia's services on the same basis as other inmates. *See Shuhaiber v. Ill. Dep't of Corr.,* 980 F.3d 1167, at *1170 (7th Cir. 2020) (affirming that the plaintiff, who was confined to a wheelchair, had failed to state an ADA/RA claim where he alleged difficulties with his cell, shower, and van, but did not specify that he was denied access to facilities or services). Plaintiff has therefore failed to state an ADA/RA claim for denial of peer-led interpretive services.

Based on these two issues alone, Plaintiff's failure to replead the existing claim against Wexford and failure to state a new and viable ADA/RA claim, the Court finds that allowing Plaintiff to amend would be futile. Accordingly, the motion for leave to file an amended complaint is **DENIED**. (Doc. 41).

### OTHER MOTIONS

Plaintiff has also filed a motion seeking additional time to identify the John and Jane Doe Defendants, described as members of the psychiatry board. (Doc. 40). The motion is **GRANTED**. The deadline for Plaintiff to identify the John/Jane Doe Defendants and file a motion to substitute is extended to **September 15, 2026**. On or before **August 25, 2026**, Defendants shall file a notice

with the Court informing the Court of whether they have provided Plaintiff with the names of the individuals who served on the psychiatry board during the relevant time frames.

The motion to stay the deadline to file a motion for summary judgment on exhaustion filed by Defendant Warden Monti is **GRANTED**. (Doc. 48). The dispositive motion re exhaustion of administrative remedies deadline is **STAYED** and will be reset once all Defendants are identified and served.

The motion to withdraw affirmative defense of failure to exhaust administrative remedies filed by Defendants Wexford and Bednarz is **GRANTED.** (Doc. 49). Their affirmative defense of failure to exhaust is **DEEMED withdrawn**. Merits discovery remains **STAYED**.

Plaintiff has filed a motion seeking the Court's assistance in resolving issues she has had with filing documents in this case and a motion to supplement. (Doc. 51, 53). The motions are **DENIED**. The Court previously addressed Plaintiff's concerns regarding obtaining a copy of the documents electronically filed with the Court in Doc. 56 and provided Plaintiff with instructions on how to obtain copy of any of the documents filed on the docket. Plaintiff has a copy of the operative Complaint in this case (*see* Doc. 53), and Plaintiff's motion for leave to file an amended complaint and to supplement have been denied. (Doc. 41, 46, 55). Plaintiff has filed hundreds of pages in this case, and the record does not support Plaintiff's assertion that she is being impeded from filing documents with the Court. The declines to take any action regarding Plaintiff's assertions that the prosecution of her claims is being obstructed by staff at Centralia.

## DISPOSITION

For the reasons set forth above, the motion for leave to file an amended complaint filed by Plaintiff Badenhorst is **DENIED**. (Doc. 41).

Plaintiff's motion for extension of time is **GRANTED**. (Doc. 40). The deadline for Plaintiff to identify the John/Jane Doe Defendants and file a motion to substitute is extended to

**September 15, 2026**. On or before **August 25, 2026**, Defendants shall file a notice with the Court informing the Court of whether they have provided Plaintiff with the names of the individuals who served on the psychiatry board during the relevant time frames.

The motion to stay the deadline to file a motion for summary judgment on exhaustion filed by Defendant Warden Monti is **GRANTED**. (Doc. 48).

The motion to withdraw affirmative defense of failure to exhaust administrative remedies filed by Defendants Wexford and Bednarz is **GRANTED.** (Doc. 49). Their affirmative defense of failure to exhaust is **DEEMED withdrawn**.

Plaintiff's motion for court order and motion to supplement are **DENIED**. (Doc. 51, 53).

**IT IS SO ORDERED.**

**DATED: August 18, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**