**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**LEONARD BADENHORST,**

**Plaintiff,**

**v.**

**DANIEL MONTI, *et al.*,**

**Defendants.**

**Case No. 25-cv-00382-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on discovery issues concerning the identification of John and Jane Doe Defendants, who are described as members of the Psychiatry Board. In the Complaint, Plaintiff, who states she has autism spectrum disorder, alleges that the Psychiatry Board, along with other Defendants, created a policy of not screening or treating autism, which has resulted in denying her needed medical care for her condition. Plaintiff asserts that on July 10, 2024, she met with Dr. Bednarz for autism spectrum disorder symptoms, and Dr. Bednarz informed her that he had met with the Psychiatry Board and "everyone agreed that they would not offer screening or diagnosis for autism spectrum disorder at all." (Doc. 1, p. 10). Plaintiff describes the Psychiatry Board as "comprised of unknown members from Wexford Health Sources Inc. and IDOC...employed by Wexford Health Sources Inc…and is consulted to make policy for psychiatric and mental health treatment for IDOC." (*Id.* at p. 3). Through initial discovery, it has come to light, however, that there is no entity within IDOC or Wexford called the "Psychiatry Board." (Doc. 58; Doc. 59, p. 2).

On September 14, 2026, Plaintiff filed a motion seeking an extension of the deadline to identify the John and Jane Does and to be granted leave to conduct additional discovery. (Doc. 59). She states that while there may not be an entity with the exact title "Psychiatry Board," and regardless of the

formal title of the persons or group, the "relevant inquiry is who Dr. Bednarz actively consulted, met with, or referred to when discussing" autism spectrum disorder. (*Id.* at p. 2).

To the extent Plaintiff seeks to serve interrogatories on Defendant Dr. Bednarz aimed at discovering who or what entity Dr. Bednarz was referring to during the appointment on July 10, 2024, when he stated that he met with a group of individuals and "everyone agreed that they would not offer screening or diagnostics for autism spectrum disorder at all," the Motion is **GRANTED**. (Doc. 1, p. 10). Plaintiff shall have fourteen days from the date of this order to serve the interrogatories on Defense Counsel for Dr. Bednarz. Dr. Bednarz has thirty days to respond. FED. R. CIV. P. 33. Plaintiff shall have until **December 10, 2026,** to identify the John and Jane Does and file a motion to substitute. To the extent Plaintiff seeks to serve broader discovery requests aimed at discovering every person with whom Dr. Bednarz communicated concerning autism treatment, screening, and diagnostics, and their employment records, the Motion is **DENIED**.

Finally, the Court must address Plaintiff's mischaracterization of the Court's orders to IDOC employees. Despite Plaintiff's contention that she understands that the Court's Merit Review Order does not order Dr. Bednarz or Centralia Correctional Center (Centralia) staff to provide autism spectrum disorder treatment, it looks like she has used the Court's Merit Review Order to try and obtain treatment and services for autism. (Doc. 59, p. 3). Plaintiff describes taking the Merit Review Order to an appointment with Dr. Bednarz, reading the portion of the Order stating that autism spectrum disorder "is a disability or activity," and then requesting autism screening, diagnostics, and evaluation, treatment, and services. (*Id.* at p. 2). According to a letter from Jessica Stover, a mental health provider, sent to Plaintiff following the appointment with Dr. Bednarz, Dr. Bednarz reported that Plaintiff had a court order "indicating that [Plaintiff is] diagnosed with Autism and [is] to have accommodation." (*Id.* at p. 10). Centralia staff have now asked Plaintiff to produce the court letter or order so that such document can be submitted for review or for Plaintiff to sign a release form so that staff can reach out to the Court. (*Id.* at p. 10-11). In a written response to Stover's letter, Plaintiff provided the following

quote from the Merit Review Order, "Plaintiff has sufficiently pled that she suffers from a disability, ASD, and she qualifies to receive the benefits of a public service, program, or activity." (*Id.* at p. 14).

The manner in which Plaintiff is quoting from the Court's Merit Review Order to staff is concerning. While the Court's Merit Review Order does state that Plaintiff sufficiently pled that autism spectrum disorder was a disability (Doc. 15, p. 5), Plaintiff inexplicably does not inform staff of the rest of the Court's Order. Notably, she fails to inform staff that the Court ultimately found that she did "not articulate how she was excluded from or denied access to 'a program or activity because of [her] disability,'" (Doc. 15, p. 5) (citation omitted) and *dismissed* her claim under the ADA and RA claim. Plaintiff is currently proceeding only on an Eighth Amendment claim for deliberate indifference. Plaintiff may have successfully *pled* she suffers from a serious medical condition, but the pleading standard at the initial stage of the case is not a high one and very different than Plaintiff's evidentiary burden at trial. **The Court therefore restates that Plaintiff is not proceeding on a claim in this case under the ADA or the RA, and the Court has not granted Plaintiff any form of injunctive relief concerning her surviving Eighth Amendment claim**. Plaintiff is **WARNED** that if she continues to misrepresent the Court's Orders to staff at Centralia, the Court will consider imposing sanctions.

**IT IS SO ORDERED.**

**DATED: October 14, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**